IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STEWART SMITH**, individually and on behalf of all others similarly situated,<br><br>　　*Plaintiff*,<br><br>v.<br><br>**RAPID RESPONSE MONITORING SERVICES INCORPORATED**,<br><br>　　*Defendant*. | Case No. : 5:20-CV-202[TJM/ATB]<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Stewart Smith ("Smith" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Rapid Response Monitoring Services Incorporated ("Defendant" or "RRMS") to: (1) stop its practice of placing calls (either on its own or via a third-party acting on its behalf and for its benefit) using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent, (2) enjoin Defendant from continuing (either on its own or via a third-party acting on its behalf and for its benefit) to place prerecorded telephone calls to consumers who did not provide their prior express consent to receive them, (3) enjoin Defendant from calling consumers (either on its own or via a third-party acting on its behalf and for its benefit) whose numbers are registered on the National Do Not Call Registry, and (4) obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1

## NATURE OF THE ACTION

1. RRMS is a home alarm services company based in Syracuse, New York.

2. Unfortunately for consumers, RRMS casts its marketing net too wide. That is, in an attempt to promote their home alarm services and generate leads, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited prerecorded phone calls to consumers' telephones without consent and in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3. By making these prerecorded calls, Defendant and/or its agents caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such prerecorded calls, in addition to the wear and tear on their telephones, consumption of battery life, consumption of memory on their phones and voicemail, lost minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant and/or its agent made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their phones, including the related data, voicemail, software, and hardware components.

4. The TCPA was enacted to protect consumers from prerecorded phone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all prerecorded telephone calling activities to telephones without first obtaining prior express written consent and to scrub

the calls against the national do not call registry, as well as an award of statutory damages to the members of the Classes under the TCPA, costs, and reasonable attorney's fees

## PARTIES

5. Plaintiff Stewart Smith is a natural person and resident of Pennsylvania. He resides in Willow Grove, Montgomery County, Pennsylvania.

6. Defendant Rapid Response Monitoring Services Incorporated is a New York corporation with a principal place of business located at 400 West Division Street, Syracuse, New York 13204. Defendant transacts business in this District, and is headquartered in this District.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has general personal jurisdiction over Defendant because it is headquartered in this District, and because the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because RRMS is headquartered within this District and because the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

9. In recent years, companies such as RRMS have turned to unsolicited telemarketing as a way to increase their customer base. Widespread telemarketing is a primary method by which Defendant recruits new customers.

10. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

11. In plain violation of this rule, Defendant fails to obtain any prior express written consent to make prerecorded calls to cellular and landline telephone numbers.

12. In placing the prerecorded calls that form the basis of this Complaint, Defendant utilized a prerecorded voice that played a prerecorded message even if the call was answered by an answering machine as opposed to a live person.

13. Furthermore, Defendant (or its agent) calls customers who have no "established business relationship" with Defendant and who are registered on the Do Not Call Registry.

14. Prior to placing these prerecorded voice calls to consumers, Defendant failed to obtain express written consent as required by the TCPA.

15. At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing calls are being made to consumers' telephones through its own efforts and their agents.

16. Defendant knowingly made (and continues to make) unsolicited prerecorded telemarketing calls without the prior express written consent of the call recipients as well as calls to those on the national do not call registry. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF SMITH

17. Smith is the owner and customary user of a cellphone number ending in 6860.

18. Plaintiff's number has been registered on the Do Not Call Registry since June 11, 2010.

19. On October 8, 2019, Smith received an unsolicited telemarketing call on his cellphone from the number 267-876-4411. The call featured an artificial or pre-recorded voice.

20. Smith was prompted to press a number to speak to a live person and, wanting to know who called him, followed the prompts and was connected with a representative of Alliance Security. The Alliance representative solicited Smith for a home security system which would be monitored by Defendant RRMS.

21. On October 10, 2019, Smith received another call, this time from the number 267-877-1103. This call was placed by Chris Platt from Alliance and was made to follow up on the unsolicited telemarketing call Smith received on October 8, 2019 regarding a home security system which would be monitored by RRMS.

22. Also on October 10, 2019, Smith received an email from Chris Platt from Alliance. In the email, Platt said that the company Alliance uses for monitoring the systems it installs is RRMS. Platt added that RRMS is "the #1 ranked and awarded monitoring station in the nation."

23. On January 2, 2020, Plaintiff received a pre-recorded call from the phone number 267-686-2060. The recorded message was from Alliance Security, again pitching a home security system which would be monitored by RRMS.

24. During all times relevant, Plaintiff did not consent orally or in writing for Defendant (or its agent) to place prerecorded calls to him. Simply put, Defendant never obtained

5

Plaintiff's prior written (or oral, for that matter) express consent to place any telephone calls to him using a prerecorded voice.

25.     By virtue of the prerecorded telephone calls alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of his phone, interfered with his use and enjoyment of his voicemail, took up space in his voicemail memory and required his time to listen to, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone. In the present case, a consumer could be subjected to many unsolicited prerecorded telephone calls as the Defendant does not take care to ensure that the recipients of its prerecorded calls have given their prior express written consent to be called.

26.     In order to redress these injuries, Plaintiff, on behalf of himself and the classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded telephone calls to telephones and which prohibits calls to the phone numbers of consumers who are registered on the do not call registry without their consent.

27.     On behalf of the Classes, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited prerecorded telephone calling activities and calls to telephone numbers registered on the Do Not Call Registry without their consent, and an award of statutory damages to the class members to be paid into a common fund for the benefit of the Class, together with costs and reasonable attorney's fees to be paid from any such common fund.

## CLASS ALLEGATIONS

28. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

> **Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of this action through the date the date notice is sent to the Class who (1) received a telemarketing call made by Alliance or any of Alliance's sub-dealers, vendors, lead generators, or agents either promoting RRMS's goods or services or that could have resulted in the installation of a home security system that could use or include any RRMS product or service, (2) on the person's telephone, (3) using an artificial or prerecorded voice, and (4) for whom Defendant claims prior express written consent was obtained in the same manner as Defendant claims prior express written consent was obtained to call the Plaintiff.
>
> **Do Not Call Class:** All persons in the United States from four years prior to the filing of this action through the date notice is sent to the Class who (1) received more than one telephone call; (2) on a telephone number; (3) which had been listed on the National Do Not Call Registry for at least thirty days; (4) from Alliance or any of Alliance's sub-dealers, vendors, lead generators, or agents either promoting RRMS's goods or services or that could have resulted in the installation of a home security system that could use or include any RRMS product or service; and (5) for whom Defendant had no record of express consent to make such telephone calls at the time they were made.

29. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

30. **Numerosity**: The exact size of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed prerecorded telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records and by reference to objective criteria like the Do Not Call Registry.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether Defendant systematically made telephone calls to members of the Prerecorded No Consent Class without first obtaining prior express written consent to make the calls;

   (c) whether Defendant utilized a prerecorded voice to make its calls to members of the Prerecorded No Consent Class;

   (d) whether Defendant made prerecorded telephone calls to members of the Prerecorded No Consent Class without first obtaining prior express written consent to make the calls;

   (e) whether Defendant made calls to the telephone numbers of members of the Do Not Call Class without first scrubbing its call list against the do not call registry;

   (f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and

   (g) whether Defendant obtained prior express written consent to contact any class members.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no

defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

33.     **Appropriateness**: This class action is also appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

34.     Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

35.     Defendant (or its agent) made telephone calls using an artificial or pre-recorded voice to telephone numbers belonging to Plaintiff and other members of the Prerecorded No

Consent Class without first obtaining prior express written consent to receive such calls. Written consent is required, yet Defendant failed to obtain written or oral consent.

36. The prerecorded voice calls actually played a prerecorded voice on Plaintiff's telephone.

37. By making the unsolicited telephone calls to Plaintiff and the Prerecorded No Consent Class members' telephones without their prior express written consent, and by utilizing a prerecorded voice to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

38. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Prerecorded No Consent Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

39. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the Do Not Call Class)**

40. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

41. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order, which in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[1]

44. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) *available a*t https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

45.   Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

46.   Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests available on demand, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

47.   Defendant made more than one unsolicited telephone call to Plaintiff and other members of the Do Not Call Registry Class within a 12-month period without their prior express

consent to receive such calls. Plaintiff and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

48. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

49. Defendant further violated the TCPA by calling ported or recycled numbers on more than one occasion.

50. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

51. As a result of Defendant' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Smith as the representative of the Classes, and appointing his counsel as Class Counsel;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3. An order declaring that Defendant's actions, as set out above, violate the TCPA;

4. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

5. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

6. An order requiring Defendant to identify any third-party involved in the pre-recorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

7. An injunction requiring Defendant to cease all unsolicited prerecorded calling activities, and otherwise protecting the interests of the Classes;

8. An injunction prohibiting Defendant from using, or contracting the use of, a pre-recorded voice without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

9. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

10. An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

11. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

12. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**STEWART SMITH,** individually and on behalf of class of similarly situated individuals

Dated: February 24, 2020

/s/ *James R. Peluso*
James R. Peluso (Bar Roll # 105634)
jpeluso@dblawny.com
Dreyer Boyajian LLP
75 Columbia Street
Albany, NY 12210
Tel: (518) 453-7784

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice* Admission to Be Sought