IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STEWART SMITH**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**RAPID RESPONSE MONITORING SERVICES INCORPORATED**,<br><br>*Defendant*. | Case No. 5:20-CV-202[TJM/ATB]<br><br>**JOINT CASE MANAGEMENT PLAN** |

Plaintiff Stewart Smith ("Smith" or "Plaintiff") and Defendant Rapid Response Monitoring Services Incorporated ("Defendant" or "RRMS") jointly submit this Joint Civil Case Management Plan in accordance with the Court's May 21, 2020 Order (Doc. No. 20).

**1.    Joinder of Parties**

Any application to join any person as a party to this action shall be made on or before October 16, 2020.

**2.    Amendment of Pleadings**

Any application to amend the pleadings to this action shall be made on or before October 16, 2020.

**3.    Discovery**

    **a.    Fact Discovery**

        1.    All fact discovery shall be completed by **March 15, 2021.**

    **b.    Expert Discovery.**

        2.    All expert discovery shall be completed by **June 15, 2021.**

        3.    The deadline for parties to disclose the identity of any expert witness

    under Fed. R. Civ. P. 26(a)(2) is **March 15, 2021.** Parties may designate rebuttal expert witnesses consistent with Fed. R. Civ. P. 26(a)(2)(D)(ii) by **May 1, 2021.**

  4. Depositions of expert witnesses shall be completed by **June 15, 2021.** Except by leave of Court, each expert may only be deposed once.

The Court will conduct a post-discovery conference on _____, at _____ to establish a schedule for the remainder of the case, including a trial date.

**4.** **Motions**

 **a.** **Discovery Motions**.

  1. All fact discovery motions shall be filed on or before February 28, 2021.

  2. All expert discovery motions shall be filed on or before June 1, 2021.

 **b.** **Class Certification**

  1. Plaintiff shall file his motion for class certification no later than **June 30, 2021**.

  2. Defendant shall file its opposition to class certification no later than **July 30, 2021.**

  3. Plaintiff shall file his reply in support of class certification no later than **August 16, 2021**.

 **b.** **Dispositive Motions**

  1. Dispositive motions shall be filed no later than **July 30, 2021**.

  2. Opposition to dispositive motions shall be filed by **August 31, 2021**.

  3. Replies in further support of dispositive motions shall be filed by **September 15, 2021**.

**5.** **Proposed Date for the Commencement of Trial**

 Plaintiff proposes that a trial date be set at a subsequent case management conference following a ruling on class certification. The parties do not yet have an estimate of how long the trial will take to complete. The parties request that the trial be held in Syracuse, NY.

**6.    Jury Demand**

Plaintiff has made a jury demand.

**7.    Jurisdiction and Service**

This case is an alleged class action brought under the Telephone Consumer Protection Act, 42 U.S.C. § 227 et seq. ("TCPA" or the "Act."). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. No issues exist as to personal jurisdiction or venue, and no parties remain to be served.

**8.    Nature of the Case**

Plaintiff's First Amended Class Action Complaint alleges that RRMS violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act"). Specifically Plaintiff claims that RRMS violates the Act's provisions barring the placement of unsolicited autodialed and/or prerecorded telephone calls to cellular telephone users without first securing prior express written consent. Plaintiff further alleges that Defendant violates the Do Not Call Registry rules. Plaintiff alleges that the calls were placed by Alliance Security on behalf of and for the benefit of RRMS and that RRMS is vicariously liable for the Alliance Security's TCPA violations. This is an alleged class action.

Defendant Rapid Response provides central station monitoring services for the customers of its security alarm dealers.  It does not market or sell its services to end-users such as plaintiffs. Rather, Rapid Response provides its services to security alarm dealers.  It does not authorize dealers to market to end-users on its behalf.  It does not engage in telemarketing or authorize any one to engage in telemarketing on its behalf. Rapid Response denies that it violated the TCPA or that it is vicariously liable for any other person or entity's violation of the TCPA.

**9.    Factual and Legal Issues in Dispute**

Defendant Rapid Response provides central station monitoring services for the customers

of its security alarm dealers. It does not market or sell its services to end-users such as plaintiffs. Rather, Rapid Response provides its services to security alarm dealers. It does not authorize dealers to market to end-users on its behalf. It does not engage in telemarketing or authorize any one to engage in telemarketing on its behalf. Rapid Response denies that it violated the TCPA or that it is vicariously liable for any other person or entity's violation of the TCPA.

**10.    Narrowing of Issues**

None at this time.

**11.    Relief Sought**

Plaintiff seeks an order certifying the Classes alleged, an award of statutory damages for each violation paid into a common fund for the benefit of Plaintiff and the Class Members, declaratory relief, injunctive relief, and attorneys' fees and costs.

**12.    Discovery Plan**

    **A.    Mandatory Disclosures**

        1.    The parties will exchange initial disclosures no later than June 8, 2020.

    **B.    Subjects of Disclosure.**

        1.    The parties jointly agree that discovery shall be needed to address the following subjects: Plaintiff's allegations in the complaint regarding telephone calls and emails he received from Alliance Security; Plaintiff's consent, if any, to receipt of such telephone calls and emails; the relationship, if any, between Defendant and Alliance Security; the identification of any other persons who received an autodialed and/or pre-recorded telephone call from Alliance Security; Defendant's defenses.

    **C.    Discovery Sequence**

        1. *See* section 3 *supra*.

    **D.    Written Discovery**

      1.      The parties anticipate serving written discovery demands pursuant to Fed. R. Civ. P. 33, 34 and 36.  Requests for the production of documents shall be served no later than December 31, 2020.  Interrogatories shall be served no later than December 31, 2020.  Contention interrogatories and requests for admission shall be served on February 1, 2021.  The parties agree that no more than 25 interrogatories, including subparts, shall be served.

    **E.**    **Depositions**

      1.      The parties anticipate that both party and non-party fact depositions will be taken.  The parties agree each side will take no more than ten depositions.  The parties will meet and confer regarding the appropriate location for depositions.

    **F.**    **Experts**

    1.  *See* section 3 *supra*.

    **G.**    **Electronic Discovery**

      1.      The parties anticipate that Electronically Stored Information ("ESI") will be produced and will meet and confer regarding the entry of an appropriate protocol, including the search methodology and form and method of production.

    **H.**    **Protective Orders**.

      1.      The parties anticipate that a Confidentiality Order will be required and will meet and confer regarding the entry of such an order.

    **I.**    **Anticipate Issues Requiring Court Intervention**

      1.      The parties are not currently aware of any discovery related issues which may require court intervention.

**13.    Possibility of Reducing Length of Trial by Stipulation or Other Expedited Means**

It is premature at this time to determine whether such reduction in the trial length is feasible, but the Parties will revisit the issue as the case progresses.

**14.    Related Case**

The Parties are not aware of any related cases.

**15.    Class Actions**

*See* Section 4 *supra*.

**16.    Prospects of Settlement**

The Parties have had preliminary discussions regarding the possibility of settlement and will continue to explore settlement as appropriate. The prospect of settlement cannot yet be evaluated.

 

Respectfully Submitted,

**STEWART SMITH,** individually and on behalf of class of similarly situated individuals

Dated: June 8, 2020

/s/ *Patrick H. Peluso*
James R. Peluso (Bar Roll # 105634)
jpeluso@dblawny.com
Dreyer Boyajian LLP
75 Columbia Street
Albany, NY 12210
Tel: (518) 453-7784

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675

Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

*\* Pro Hac Vice*

*/s/ Samantha L. Southall*
Samantha L. Southall
BUCHANAN INGERSOLL & ROONEY PC
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Telephone:  (215) 665-3826
Fax:  (215) 665-8760
samantha.southall@bipc.com

**Counsel for Defendant Rapid Response Monitoring Service, Inc.**